[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 10, 1996
The plaintiff brings this action in a single count. The complaint alleges breach of contract for failure and refusal to pay the claim for uninsured motorist benefits under the provision CT Page 5204-QQQ of a California insurance contract. The complaint, paragraph 15, alleges that the contract contains a provision for arbitration. The request for relief claims 1) Monetary damages and 2) an order compelling the defendant to submit to arbitration.
The format of the complaint does not follow the procedures set forth in General Statutes Sec. 52-410. The complaint does not make reference to any of the statutory provisions of General Statutes Chapter 909, Arbitration Proceedings. As the complaint now stands, it appears to be an action for breach of contract calling for damages and specific performance of the arbitration provisions of the policy.
The plaintiff moves to amend the complaint to add count two to claim breach of duty of good faith and fair dealing, and to add count three claiming a violation of Connecticut General Statutes Section 38a-815 et seq., Unfair Practices.
The complaint having been brought as a civil action for breach of contract rather than under the more expeditious procedural avenue of General Statutes 52-410, the defendant's contention that this suit is a statutory proceeding rather than a civil action is not well taken. General Statutes 52-410 does not provide an exclusive remedy for failure or refusal to arbitrate. Nor does the availability of such a procedural remedy foreclose the availability of a common law action or a statutory action for damages arising out of alleged breach of the contract. SeeFishman v. Middlesex Mutual Assurance Co., 4 Conn. App. 339, 341
(1985), and footnote 2 on page 341.
General Statutes Sec. 52-409 contemplates the prospect of the bringing of a civil action where the contract contains a provision for the arbitration of an issue or issues as may be provided for in the contract. The statute provides for a procedure whereby issues which may ultimately be determined by the court to be issues subject to arbitration may be so referred, and the remaining issues may be stayed. See General Statutes 52-409,Fishman v. Middlesex Mutual Assurance Co., supra p. 348.
The plaintiff having chosen to bring a civil action, rather than a proceeding under General Statute 52-410, the defendant's objection to the motion for leave to amend on the basis that the action is a statutory proceeding and not a civil action is not well taken and is overruled. CT Page 5204-RRR
SULLIVAN, L., J.